O’Neall, J.
We concur in the opinion of the judge below, and are satisfied with the reasons which he has assigned.
I will add a few other reasons. That a person offered as a witness in a cause, who has an interest in the result, may be rendered competent by releasing his interest, is a common and familiar principle of law. But I conceive that the word ‘ release’ cannot have its legal and technical meaning in such an instance. In a strict legal sense, it means the surrender or giving up an estate for years or life, or in remainder or in reversion, to the tenant of the fee in remainder or reversion in the first case, or to the tenant of the particular estate in the second. To be a release, it must be a giving up or letting fall of some interest, into the estate out of which it springs, or is part. The release of a witness cannot generally have this legal effect; he most commonly has the entire interest, and if he releases, it cannot fall back into the estate out of which it springs, for there is nothing left with which it can be connected. Take this case for an example. If the administrator with the will annexed, had assented to the legacy in favour of the witness, William M. Myers, the legal estate of the testator was vested in the legatee, and a general release from the witness would not have restored the property to the testator’s estate. It would have made the slave derelict, and any one might have seized her and held her against all claimants. This view shews that a release of a witness’s interest to render him competent, cannot receive a technical meaning. It is there. *444 ^01'e necessary to look to tho intent of the rule, and to disre-. gard the precise technical meaning of words in order to give b, .effect. The intent was to divest a witness of all interest in the event of the suit; any thing- which accomplishes this will gatigfy tile rule. The leaning of the Court once was to restrict the competency of witnesses.; it is now the other way, and tlie rule of reason is triumphing over the strictness of early decisions.
Parties to negotiable instruments or deeds, may now generally be sworn to prove or disprove them, if they have no interest-in the event of the suit. A grantor who has conveyed without warranty or recourse, may be sworn in support of or against the title which he conveyed. This point was, I know, involved in the case of Sims v. DeGraffenreid, 4 M’C. 253, and must have been decided in conformity to the rule as I have stated, although no notice is taken of the point, in the brief notice taken of that important case in the report. The plaintiff in it derived title through the assignees of Dr. Glitherall, of whom Dr. John Ramsay was one. He conveyed to the plaintiff without warranty and without recourse, and was offered as a witness to prove the hand-writing of a witness to one of the deeds which preceded his title, (probably the deed from the grantee to the assignor of the witness, Dr. Glitherall,) he was admitted by the presiding judge below, and his decision in that respect was sustained by the Court of Appeals.
It seems to me that there can be no difference between a witness who, like Dr. Ramsay, conveyed away his interest before the trial, and expressly covenants against any liability to arise out of that conveyance, and a witness who, on the trial, conveys in precisely the same way.
It is true, as was said by the ingenious counsel for the defendants, who presented to us an admirable argument for them, that this rule may be abused, and that bad men may pervert it to bad purposes. This, however, is the case with all; human institutions and rules. The jury is one of the protections of a law Court from the consequences, of perjury; it is for them to believe or disbelieve a witness who comes before them and assigns his interest to support it. He may, notwithstanding this circumstance, be pure and worthy of confidence, and if' so, they ought to credit him. If, on the other hand, notwithstanding his legal competency, he should be impure and unworthy of confidence, the jury will discredit him. My confidence in the trial by jury makes me more willing to suffer objections to go to the credit rather than the competency of a witness, than perhaps I should otherwise be. Out of a long experience *445 and an extensive practice, I do not recollect a single case where I have seen a jury give credit to a witness who ought to be disbelieved.
Jamison, for the motion.
Chappell, contra.
The motion is dismissed:
Johnson, J. concurred.
Harper, J. absent.